IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BH Innovations LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>HKC Corporation Ltd., Chongqing HKC Optoelectronics Technology Co., Ltd., HKC Overseas Ltd., HiSense Co., Ltd., HiSense International Co., Ltd., HiSense Visual Technology Co. Ltd., TCL Electronics Holdings Ltd., Shenzhen TCL New Technology Co. Ltd., TCL King Electrical Appliances Co. Ltd., TCL Technology Group Corp., TCL Moka International Ltd., TCL Overseas Marketing Ltd., TCL Industries Holdings Co., Ltd., TCL Smart Device (Vietnam) Co. Ltd., LG Electronics, Inc.<br><br>        Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

      Plaintiff BH Innovations LLC ("BHI" or "Plaintiff") through their undersigned attorneys, for their Complaint against Defendants HKC Corporation Ltd., Chongqing HKC, HKC Overseas Ltd., Hisense, Hisense International, HiSense Visual, TCL Electronics, Shenzhen TCL, TCL King, TCL Tech, TCL MOKA International Ltd., TCL Overseas, TCL Industries, TCL Vietnam, and LG Electronics (collectively, "Defendants") allege as follows:

## THE PARTIES

1. BH Innovations LLC is a private limited liability company organized under the laws of the State of Delaware, having a principal place of business at 401 East 89th Street, #18B, New York, NY 10128.

2. On information and belief, Defendant HKC Corp. Ltd. is a corporation organized under the laws of China with a principal place of business at Factory Building 1, HKC Industrial Park, 1 Gongye 2nd Road, Baoan District, Shenzhen City, 518000, China.

3. On information and belief, Defendant Chongqing HKC is a Chinese limited liability company formed under the laws of China with a principal place of business at No. 1 Shijing Rd., Jieshi, Banan District, Chongqing, 401320, China.

4. On information and belief, Defendant HKC Overseas Ltd. is a corporation organized under the laws of China with a principal place of business at Unit 8 28/F W50, 50 Wong Chuk Hang Road, Hong Kong SAR.

5. On information and belief, Defendant HiSense is a corporation organized under the laws of China with a principal place of business at 22F, Hisense Tower, 17 Donghai Xi Road, Qingdao, 266071, China.

6. On information and belief, Defendant HiSense International is a corporation organized under the laws of China with a principal place of business at 22F, Hisense Tower, 17 Donghai Xi Road, Qingdao, 266071, China.

7. On information and belief, Defendant HiSense Visual is a corporation organized under the laws of China with a principal place of business at 218 Qianwangang Road, Qingdao Economic & Technological Development Zone, Qingdao, 266555, People's China.

8. On information and belief, Defendant TCL Electronics is a corporation organized under the laws of the Cayman Islands with a principal place of business at 5/F, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong SAR.

9. On information and belief, Defendant Shenzhen TCL is corporation organized under the laws of China with a place of business at TCL Electronics Building, TCL International E City, 1001 Zhongshanyuan Road, Nanshan District, Shenzhen, Guangdong Province, 518052, China.

10. On information and belief, Defendant TCL King is a corporation organized under the laws of China with a place of business at No. 78, Huifeng 4 Road, Huihuan Town, Huicheng District, Huizhou, Guangdong Province, 516006, China.

11. On information and belief, Defendant TCL Tech is a corporation organized under the laws of China with a place of business at TCL Tech Building, 17 Huifeng Third Road, Zhongkai Hi-Tech Development District, Huizhou City, Guangdong Province, 516006, China.

12. On information and belief, Defendant TCL MOKA International Ltd. is a corporation organized under the laws of China with a place of business at TCL Tower, 8 Tai Chung Road, Tsuenwan, New Territories, Hong Kong SAR.

13. On information and belief, Defendant TCL Overseas is a corporation organized under the laws of the British Virgin Islands with a place of business at 22 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong SAR.

14. On information and belief, Defendant TCL Industries is a corporation organized and existing under the laws of China with a principal place of business at TCL Electronics Tower, Building D4, TCL International E City, 1001 Zhongshanyuan Road, Nanshan District, Shenzhen, Guangdong Province, 518052, China.

15. On information and belief, Defendant TCL Vietnam is a corporation duly organized and existing under the laws of the Socialist Republic of Vietnam with a place of business at No. 26 VSIP II-A, Road No. 32, Vietnam Singapore Industrial Park II-A, Tan Binh Commune, Bac Tan Uyen District, Binh Duong Province, 75000, Vietnam.

16. On information and belief, Defendant LG Electronics is a corporation organized under the laws of the Republic of Korea with a principal place of business at LG Twin Towers, 20 Yoido-dong, Youngdungpo-gu, Seoul, Republic of Korea.

## JURISDICTION

17. This is an action for patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C. §§ 271, *et seq*.

18. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

19. This Court has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 4(k)(2). Plaintiff's claims arise under the patent laws of the United States (35 U.S.C. §§ 271, *et seq*), and Defendants are not subject to jurisdiction in any state's courts of general jurisdiction. The exercise of personal jurisdiction is consistent with federal due process, including because Defendants have minimum contacts with the United States as a whole; Plaintiff's claims arise out of or relate to Defendants' activities with the United States, and asserting personal jurisdiction is reasonable and fair.

20. Defendants purposefully directed their activities at the United States, including by placing the accused LCD panels (the "Accused Panels") into the stream of commerce with the expectation, intent, purpose, and understanding that such panels would be used, offered for sale, sold or imported into, or otherwise incorporated into products made, used, offered for sale, sold or for importation into, the United States.

21. Venue is proper in this District under 28 U.S.C. § 1391(c)(3). Defendants are foreign corporations and are therefore subject to suit in any judicial district in the United States. *See id.*

## BACKGROUND

22. Plaintiff is the owner by assignment or exclusive licensee of the rights to United States Patent Nos. 7,705,948 (the "'948 patent"),7,570,334 (the "'334 patent"), 7,636,146 (the "'146 patent") and 8,552,935 (the "'935 patent") (collectively the "Asserted Patents").

*The '948 Patent*

23. 138 East LCD Advancements Ltd. ("138 East") is the owner by assignment of entire right, title, and interest in the '948 patent.

24. 138 East granted the exclusive right to license the '948 patent to Longitude Licensing Limited ("Longitude").

25. Longitude granted an exclusive license to BHI to enforce the '948 patent against Defendants in this matter.

*The '334 Patent*

26. 138 East was the owner by assignment of the '334 patent.

27. 138 East assigned the '334 patent to BHI. A copy of 138 East's assignment of the '334 patent to BHI is attached as Exhibit C1 (Annex B).

28. .Today, BHI is the owner by assignment of the entire right, title, and interest in the '334 patent.

*The '146 Patent*

29. 138 East is the owner by assignment of entire right, title, and interest in the '146 patent.

30. 138 East granted the exclusive right to license the '146 patent to Longitude.

31. Longitude granted an exclusive license to BHI to enforce the '146 patent against Defendants in this matter.

*The '935 Patent*

32. 138 East is the owner by assignment of entire right, title, and interest in the '935 patent.

33. 138 East granted the exclusive right to license the '935 patent to Longitude.

34. Longitude granted an exclusive license to BHI to enforce the '935 patent against Defendants in this matter.

A. **The Asserted Patents**

*U.S. Patent No. 7,705,948*

35. The '948 patent, entitled "Liquid Crystal Display Device," duly and legally issued on April 27, 2010, from a patent application filed October 12, 2007, with Yasuo Segawa, Masaaki Aota, and Shinji Ichikaka as the named inventors. The '948 patent claims priority to Foreign (JP) Patent Application No. 2006-280583, filed on October 13, 2006.

36. The '948 patent is valid, enforceable, and currently in full force and effect. A true and correct copy of the '948 patent is attached to this Complaint as **Exhibit 1**.

*U.S. Patent No. 7,570,334*

37. The '334 patent, entitled "Electro-optical Device and Electronic Apparatus," duly and legally issued on August 4, 2009, from a patent application filed June 4, 2007, with Masao Murade as the named inventor. The '334 patent claims priority to Foreign (JP) Patent Application No. 2006-173932A, filed on June 23, 2006.

38. The '334 patent is valid, enforceable, and currently in full force and effect. A true and correct copy of the '334 patent is attached to this Complaint as **Exhibit 2**.

U.S. Patent No. 7,636,146

39. The '146 patent, entitled "Electro-optical Panel, System with Terminals Having Different Corresponding Characteristics," duly and legally issued on December 22, 2009, from a patent application filed August 6, 2004, with Shin Fujita as the named inventor. The '146 patent claims priority to Foreign (JP) Patent Application No. 2003-290650, filed on August 3, 2003, and Foreign (JP) Patent Application No. 2004-193515, filed on June 30, 2004.

40. The '146 patent is valid, enforceable, and currently in full force and effect. A true and correct copy of the '146 patent is attached to this Complaint as **Exhibit 3**.

U.S. Patent No. 8,552,935

41. The '935 patent, entitled "Semiconductor Circuit, Driving Circuit of Electro-optical Device, and Electronic Apparatus," duly and legally issued on October 8, 2013, from a patent application filed October 28, 2010, with Yutaka Kobashi and Takashi Toya as the named inventors. The '935 patent claims priority to U.S. Patent Application No. 11/348,793, filed on February 7, 2006, and Foreign (JP) Patent Application No. 2005-063422, filed on March 8, 2005.

42. The '935 patent is valid, enforceable, and currently in full force and effect. A true and correct copy of the '935 patent is attached to this Complaint as **Exhibit 4**.

B. **Non-Technical Descriptions of the Patented Technology**

43. Liquid crystal display ("LCD") devices, such as a television screen or computer monitor, comprise a liquid crystal material that is sandwiched between two layers known as substrates. An LCD utilizes the optical and electrical properties of liquid crystal molecules to control the transmission of light through a layer of liquid crystals. LCD devices in use today

commonly create an image using a number of small areas, known as pixels, that emit light through colored filters. Many pixels are used to display an image in a TV or computer monitor. Each pixel may be controlled by thin-film transistors and other driver-type electronics that control a voltage applied to that specific pixel. This voltage is used to control the transmission of light through the liquid crystal material by changing the alignment of the liquid crystal molecules associated with that pixel.

44. The asserted patents cover inventions developed by Seiko Epson Corporation, a pioneer in LCD technologies and also a recognized innovator of semiconductors and electronics components and devices. These four patents are directed to foundational LCD technologies used in modern LCD devices, panels, and/or modules, including innovations relating to, for example, pixel layouts, electrode structures, panel seals and terminals, and driving circuitry.

C. **Overview of Infringement**

45. The LCD panels accused of infringement are incorporated into products for importation into the United States and purchased in the United States, including into LCD televisions, which are imported into, sold into, and offered for sale in the United States.

46. On information and belief, HKC is the manufacturer of LCD panels that are later incorporated into finished products made, used, offered for sale, sold or imported into the United States by the remaining Defendants.

47. Plaintiff has obtained within the United States representative LCD devices featuring HKC panels that were made in China and that infringe the claims of the Asserted Patents. These purchased LCD devices infringe one or more claims of one or more of the Asserted Patents. Such LCD devices, components thereof, and products containing same, include at least VIZIO D32fM-K07 model TVs containing an HKC model PT320CT01 panel, TCL 32S331 and 32S355

model TVs containing an HKC model PT320AT02 panel, LGE LG27MP40W model Monitors containing an HKC model SN270CS01 panel, Westinghouse WR24HT2212 model TVs containing an HKC model PT236AT02 panel, and Hisense 55A6H model TV containing an HKC model PT550GT08 panel.

48. In short, the LCD panels in the VIZIO, TCL, LGE, Hisense and Westinghouse LCD products described above are covered by the claim(s) of one or more of the Asserted Patents, and any of these products (or substantially similar products), components thereof, or products containing same that are made, used, offered for sale, sold or imported into the United States.

49. Defendants have known of the '948 and '334 patents and known of the infringement alleged herein, at least as early as August 29, 2025.

50. Defendants have known of the '146 and '935 patents and known of the infringement alleged herein, at least since the filing date of this Complaint.

**D.     HKC's Inducing Activities**

51. On information and belief, HKC's customers, including VIZIO, TCL, LG, Westinghouse, and HiSense, directly infringe the Asserted Patents under 35 U.S.C. § 271(a) by the manufacture, use, offer for sale, sale or importation into the United States of end products that incorporate HKC's accused LCD Panels.

52. On information and belief, HKC has taken affirmative steps to induce its customers to infringe the Asserted Patents, including at least:

   a. Providing detailed product specifications, datasheets, and technical documentation to customers including VIZIO, TCL, LG, Westinghouse, and Hisense describing how to implement and use the Accused LCD Panels in products made, used, offered for sale, sold or imported into the United States;

    b.   Designing the Accused Panels to comply with United States standards; and

    c.   Providing technical support for the Accused Panels in LCD products destined for the United States market.

## COUNT I – INFRINGEMENT OF THE '948 PATENT

53.    Plaintiff incorporates Paragraphs 1-52 by reference as if set forth fully as part of this count.

54.    Devices incorporating the Accused Panels directly infringe the '948 Patent when made, used, sold, offered for sale, and imported into the United States.

55.    **Exhibit 5** hereto, which is incorporated herein by reference, is a claim chart that shows how the HKC model SN270CS01 panel infringes claim 1 of the '948 patent.

56.    On information and belief, the HKC model SN270CS01 is representative of the Accused Panels.

57.    HKC infringes the '948 patent at least by inducing display manufacturers to import its LCD panels into the United States.

58.    On information and belief, HKC has had knowledge of the '948 patent and the infringement of the Accused Panels since at least August 29, 2025, when BHI filed a Complaint in the International Trade Commission, Inv. No. 337-TA-1462.

59.    HKC has induced and continues to induce others to infringe the '948 patent by enabling, promoting, and/or encouraging the importation, sale, and offer for sale of LCD products in the United States which incorporate the Accused Panels, with the knowledge that such acts constitute infringement and intent that others incorporate the Accused Panels into LCD products in an infringing manner.

60. On information and belief, HKC provides specifications to Vizio, TCL, LGE, and Westinghouse for implementing its Accused Panels into their respective products sold in the United States market.

61. On information and belief, HKC provides technical support to help Vizio, TCL, LGE, and Westinghouse implement or use its Accused Panels in their respective products sold in the United States market.

62. On information and belief, HKC designs its Accused Panels to meet United States product standards.

63. On information and belief, HKC advertises infringing uses of its Accused Panels and/or promotes its Accused Panels as suitable for use in products bound for the United States.

64. On information and belief, HKC intended to induce its customers to infringe the '948 patent. HKC knows and intends that its actions will induce downstream manufacturers, including the foregoing television manufacturers, to use the Accused Panels in televisions sold in, offered for sale in, and imported into the United States, thereby infringing the '948 patent.

65. On information and belief, HKC took deliberate steps to encourage that infringing use of its Accused Panels.

66. Defendants' infringement of the '948 Patent has caused damage to, and will continue to damage, Plaintiff unless enjoined by this Court.

### COUNT II – INFRINGEMENT OF THE '334 PATENT

67. Plaintiff incorporates Paragraphs 1-66 by reference as if set forth fully as part of this count.

68. Devices incorporating the Accused Panels directly infringe the '334 Patent when made, used, sold, offered for sale, and imported into the United States.

69. **Exhibit 6** hereto, which is incorporated herein by reference, is a claim chart that shows how the HKC model PT320AT02-XR-1 panel infringes claim 1 of the '334 patent.

70. On information and belief, the HKC model PT320AT02-XR-1 is representative of the Accused Panels.

71. HKC infringes the '334 patent at least by inducing display manufacturers to import its LCD panels into the United States.

72. On information and belief, HKC has had knowledge of the '334 patent and the infringement of the Accused Panels since at least August 29, 2025, when BHI filed a Complaint in the International Trade Commission, Inv. No. 337-TA-1462.

73. HKC has induced and continues to induce others to infringe the '334 patent by enabling, promoting, and/or encouraging the importation, sale, and offer for sale of LCD products in the United States which incorporate the Accused Panels, with the knowledge that such acts constitute infringement and intent that others incorporate the Accused Panels into LCD products in an infringing manner.

74. On information and belief, HKC provides specifications to Vizio, TCL, LGE, and Westinghouse for implementing its Accused Panels into their respective products sold in the United States market.

75. On information and belief, HKC provides technical support to help Vizio, TCL, LGE, and Westinghouse implement or use its Accused Panels in their respective products sold in the United States market.

76. On information and belief, HKC designs its Accused Panels to meet United States product standards.

77. On information and belief, HKC advertises infringing uses of its Accused Panels and/or promotes its Accused Panels as suitable for use in products bound for the United States.

78. On information and belief, HKC intended to induce its customers to infringe the '334 patent. HKC knows and intends that its actions will induce downstream manufacturers, including the foregoing television manufacturers, to use the Accused Panels in televisions sold in, offered for sale in, and imported into the United States, thereby infringing the '334 patent.

79. On information and belief, HKC took deliberate steps to encourage that infringing use of its Accused Panels.

80. Defendants' infringement of the '334 patent has caused damage to, and will continue to damage, Plaintiff unless enjoined by this Court.

## COUNT III - INFRINGEMENT OF THE '146 PATENT

81. Plaintiff incorporates Paragraphs 1-80 by reference as if set forth fully as part of this count.

82. Devices incorporating the Accused Panels directly infringe the '146 Patent when made, used, sold, offered for sale, and imported into the United States.

83. **Exhibit 7** hereto, which is incorporated herein by reference, is a claim chart that shows how the HKC model PH320CT01 panel infringes claim 1 of the '146 patent.

84. On information and belief, the HKC model PH320CT01 is representative of the Accused Panels.

85. HKC infringes the '146 patent at least by inducing display manufacturers to import its LCD panels into the United States.

86. On information and belief, HKC has had knowledge of the '146 patent and the infringement of the Accused Panels since at least the filing date of this Complaint.

87. HKC has induced and continues to induce others to infringe the '146 patent by enabling, promoting, and/or encouraging the importation, sale, and offer for sale of LCD products in the United States which incorporate the Accused Panels, with the knowledge that such acts constitute infringement and intent that others incorporate the Accused Panels into LCD products in an infringing manner.

88. On information and belief, HKC provides specifications to Vizio, TCL, LGE, and Westinghouse for implementing its Accused Panels into their respective products sold in the United States market.

89. On information and belief, HKC provides technical support to help Vizio, TCL, LGE, and Westinghouse implement or use its Accused Panels in their respective products sold in the United States market.

90. On information and belief, HKC designs its Accused Panels to meet United States product standards.

91. On information and belief, HKC advertises infringing uses of its Accused Panels and/or promotes its Accused Panels as suitable for use in products bound for the United States.

92. On information and belief, HKC intended to induce its customers to infringe the '146 patent. HKC knows and intends that its actions will induce downstream manufacturers, including the foregoing television manufacturers, to use the Accused Panels in televisions sold in, offered for sale in, and imported into the United States, thereby infringing the '146 patent.

93. On information and belief, HKC took deliberate steps to encourage that infringing use of its Accused Panels.

94. Defendants' infringement of the '146 Patent has caused damage to, and will continue to damage, Plaintiff unless enjoined by this Court.

## COUNT IV - INFRINGEMENT OF THE '935 PATENT

95. Plaintiff incorporates Paragraphs 1-94 by reference as if set forth fully as part of this count.

96. Devices incorporating the Accused Panels directly infringe the '935 Patent when made, used, sold, offered for sale, and imported into the United States.

97. **Exhibit 8** hereto, which is incorporated herein by reference, is a claim chart that shows how the HKC model PH850GT01 panel infringes claim 9 of the '935 patent.

98. On information and belief, the HKC model PH850GT01 and PT550GT08 are representative of the Accused Panels.

99. HKC infringes the '935 patent at least by inducing display manufacturers to import its LCD panels into the United States.

100. On information and belief, HKC has had knowledge of the '935 patent and the infringement of the Accused Panels since at least the filing date of this Complaint.

101. HKC has induced and continues to induce others to infringe the '935 patent by enabling, promoting, and/or encouraging the importation, sale, and offer for sale of LCD products in the United States which incorporate the Accused Panels, with the knowledge that such acts constitute infringement and intent that others incorporate the Accused Panels into LCD products in an infringing manner.

102. On information and belief, HKC provides specifications to Vizio, TCL, LGE, Hisense and Westinghouse for implementing its Accused Panels into their respective products sold in the United States market.

103. On information and belief, HKC provides technical support to help Vizio, TCL, LGE, Hisense and Westinghouse implement or use its Accused Panels in their respective products sold in the United States market.

104. On information and belief, HKC designs its Accused Panels to meet United States product standards.

105. On information and belief, HKC advertises infringing uses of its Accused Panels and/or promotes its Accused Panels as suitable for use in products bound for the United States.

106. On information and belief, HKC intended to induce its customers to infringe the '935 patent. HKC knows and intends that its actions will induce downstream manufacturers, including the foregoing television manufacturers, to use the Accused Panels in televisions sold in, offered for sale in, and imported into the United States, thereby infringing the '935 patent.

107. On information and belief, HKC took deliberate steps to encourage that infringing use of its Accused Panels.

108. Defendants' infringement of the '935 Patent has caused damage to, and will continue to damage, Plaintiff unless enjoined by this Court.

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

a. A judgment that the '948, '334, '146, and '935 patents are valid and enforceable;

b. A judgment that Defendant have infringed one or more claims of the '948, '334, '146, and '935 patents, either directly or indirectly

;

c. A judgment that such infringement has been willful;

d. An injunction enjoining and restraining Defendants, their officers, directors, agents, servants, employees, attorneys, and all others acting under or through it from directly or indirectly infringing the '948, '334, '146, and '935 patents;

e. A judgment and order requiring Defendants to pay all damages arising out of Defendants' infringement of the '948, '334, '146, and '935 patents, including treble damages for willful infringement as provided by 35 U.S.C. § 284, with interest;

f. A judgment and order directing Defendants to pay the costs and expenses of this action and attorneys' fees as provided by 35 U.S.C. § 285 and under other applicable law, with interest; and

g. Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand that all issues so triable be determined by jury.

Respectfully submitted,

Date: February 5, 2026

By: /s/ Alexander B. Englehart

Alexander B. Englehart (Va. Bar No. 76691)
aenglehart@merchantgould.com
Daniel J. Pereira (Va. Bar No. 65820)
dpereira@merchantgould.com
**MERCHANT & GOULD P.C.**
1900 Duke Street, Suite 600
Alexandria, Virginia 22314
Telephone: (703) 684-2500
Facsimile: (612) 332-9081

Jeffrey D. Blake (*pro hac vice* forthcoming)
jblake@merchantgould.com
**MERCHANT & GOULD P.C.**
191 Peachtree, Suite 3800
Atlanta, Georgia 30303
Telephone: (404) 954-5100
Facsimile: (612) 332-9081

*Counsel for Plaintiff BH Innovations LLC*